**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| Jasmine Jackson, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| v. | ) | |
| | ) | |
| Falls Collection Service, Inc., | ) | **COMPLAINT WITH** |
| | ) | **JURY TRIAL DEMAND** |
| Defendant. | ) | |
| | ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq.* and for violations of the Georgia Fair Business Practices Act (GFBPA), O.C.G.A. 10-1-390 *et seq.*

## PARTIES

1.     Plaintiff, Jasmine Jackson, is a natural person who resides in Dekalb County, Georgia.

2.     Defendant, Falls Collection Service, Inc., is a corporation formed under the laws of the State of Wisconsin and not registered to do business in Georgia. Defendant may be served with process via its registered agent, Lynda Nuck, 30767 Royal Hill Road, Burlington, WI 53105-7757.

## JURISDICTION AND VENUE

3.     This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.     This Court has personal jurisdiction over Defendant because, *inter alia*, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5.     Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.     Pursuant to LR 3.1B(3), venue is proper in the Atlanta Division because the events described herein occurred in DeKalb County which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

7.     Plaintiff is allegedly obligated to pay a consumer debt arising out of a medical bill from 2019 and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8.     Defendant is a collection agency specializing in the collection of consumer debt.

9.     Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

10.    Defendant manages, and collects upon, thousands of consumer debt accounts annually.

11.    Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12.    Defendant had placed negative account information on Plaintiff's credit report.

13.    In May of 2021, Plaintiff called Defendant in an attempt to collect information so that she could prioritize making payments on her bills.

14.    When Plaintiff identified herself on the phone call, the Defendant's representative told Plaintiff the account was for a medical bill.

15.     Also during the phone call, Plaintiff advised Defendant that she could not receive phone calls between 8:00 a.m. and 5:30 p.m..

16.     Plaintiff did seek to bar the Defendant from calling her at any hour otherwise permitted by law; for example, between 5:30 p.m. and 9:00 p.m.

17.     Defendant received her request and told Plaintiff that Defendant would not honor her request to limit phone calls while she was at work.

18.     Plaintiff perceived this as a threat by Defendant to continue to make phone calls to her potentially during working hours if she did not make a payment arrangement.

19.     Defendant's statement that it was unable to honor Plaintiff's request to not receive phone calls was a false, deceptive, and misleading communication which implied that Defendant was going to continue phone calls to Plaintiff which Defendant did not have the legal right to make.

## INJURIES-IN-FACT

20.     The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*,

654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

21.     An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

22.     Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

23.     Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

24.     Defendants acts and omissions caused particularized harm to the Plaintiff in that she was suffered worry and anxiety about receiving phone calls at work and took time to discuss her debt with counsel in response to the false statements.

25.     Accordingly, through the suffering of actual damages and a violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing

## DAMAGES

26.    As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.)    Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.)    Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts; and,

c.)    Anxiety and worry due to concerns she might receive phone calls at work which would jeopardize her employment.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

27.    Plaintiff incorporates by reference paragraphs 1 through 26 as though fully stated herein.

### *Violations of 15 U.SC. § 1692c and subparts*

28.    A debt collector may not, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, communicate with a consumer in connection with the collection of any

debt at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

29.    Defendant had direct and actual knowledge that the Plaintiff could not receive calls at the stated times.

30.    Defendant's threat to continue calls after receiving revocation from Plaintiff as described herein violated 15 U.S.C. § 1692c(a)(3).

***Violations of 15 U.SC. § 1692e and its subparts***

31.    15 U.S.C. §•1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

32.    The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading.  *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

33.    The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010).

34.    Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer,

though not unreasonable, is "ignorant" and "unthinking,"  "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

35.   A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

36.   Defendant's statement that the account would not be deleted from Plaintiff's credit report until the debt had been paid off was a false, deceptive, and misleading communication made attempting to collect a debt.

37.   Defendant's statements were a threat to take action which Defendant was unable to legally take, specifically making phone calls to Plaintiff while she was at work after Plaintiff informed Defendant that she could not receive phone calls at work.

38.   Defendant's statements were a misrepresentation of Plaintiff's rights under the FDCPA.

39.   Defendant's communications were in violation of 15 U.S.C. §§ 1692e, e(5), and e(10) among others.

40.     As a result of Defendant's violations of the FDCPA, Defendant is liable to Plaintiffs for actual damages as described herein, statutory damages in the amount of $1,000.00, costs of this action and reasonable attorney's fees as determined by the Court as mandated by 15 U.S.C. § 1692k.

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT

## O.C.G.A. § 10-1-390, *et seq.*

41.     Plaintiff incorporates by reference paragraphs 1 through 41 as though fully stated herein.

42.     O.C.G.A. § 10-1-390 *et seq.* is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

43.     The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state.  O.C.G.A. § 10-1-391.

44.     O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

45.     O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

46.     Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

47.     Defendant's conduct has implications for the consuming public in general.

48.     Defendant's conduct negatively impacts the consumer marketplace.

49.     Collecting a debt incurred during a consumer transaction could harm the general consuming public if conducted via deceptive acts or practices and clearly falls within the parameters of the GFBPA. Thus, a violation of the FDCPA constitutes a violation of the GFBPA. *See 1st Nationwide Collection Agency, Inc. v. Werner*, 288 Ga. App. 457, 459 (2007).

50.     Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

51.     As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

52.     As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

53.     As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

54.     Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## **TRIAL BY JURY**

55.     Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.)     Plaintiff's actual damages;

b.)     Statutory damages pursuant to 15 U.S.C. § 1692k;

c.)     Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

d.)     General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.)     Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d); and

f.)     Such other and further relief as may be just and proper.

Respectfully submitted this 28th day of February, 2022.

**BERRY & ASSOCIATES**

/s/ Matthew T. Berry
Matthew T. Berry
Georgia Bar No.: 055663
matt@mattberry.com
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

/s/ Chris Armor
Christopher N. Armor
Georgia Bar No. 614061
P.O. Box 451328
Atlanta, GA 31145
Phone 470-990-2568
Fax 404-592-6102
chris.armor@armorlaw.com
Plaintiff's Attorneys